# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| JULIUS PINKSTON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV614-068 |
| ) | CR606-026 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Julius Pinkston has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence. (Doc. 1.[1]) Upon preliminary review under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, this case should be dismissed because the motion is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires a movant to file a § 2255 motion

---

[1] Unless otherwise noted, citations are to the docket in Pinkston's civil § 2255 case, number CV614-068. "Cr. doc." refers to documents filed under his criminal case, CR606-026. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

within one year of the date his judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1).

On January 17, 2012, the Court sentenced Pinkston to 240 months' imprisonment after he pled guilty to distributing crack cocaine. (Cr. doc. 1304.) The Eleventh Circuit dismissed his appeal on January 25, 2013. (Cr. Doc. 1403.) His conviction became "final" when the time for filing a certiorari petition expired. *Clay v. United States*, 537 U.S. 522, 524-25 (2003) ("For the purposes of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); *see Jimenez v. Quarterman*, 555 U.S. 113 (2009) (applying same principle in the 28 U.S.C. § 2254 context). Pinkston was entitled to petition for certiorari within 90 days of the entry of the judgment against him by the Eleventh Circuit, Sup. Ct. R. 13.1, but he never filed such a petition. His conviction thus became "final" on April 25, 2013, 90 days after the Eleventh Circuit's mandate. He had one year from that date to file his § 2255 motion. He did not file his motion until June 30, 2014, which was two months late.

Pinkston's § 2255 motion should be **DENIED** as untimely. Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 16th day of July, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA