IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CR 606-026 |
| JULIUS PINKSTON | * | |

ORDER

Before the Court in the captioned case is a pro se motion filed by Defendant Julius Pinkston to correct a plain error in his criminal history score. Pinkston cites to Amendment 709 to the United States Sentencing Guidelines ("U.S.S.G.").[1]

Generally, a court may not modify a sentence once it has been imposed except under the three exceptions set forth in 18 U.S.C. § 3582(c). The one exception possibly applicable in this case provides that a court may reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). The problem in this case for Pinkston is twofold. First, Pinkston was sentenced on January 17, 2012, after the effective date of Amendment 709. Accordingly, he already had the full benefit of the changes occasioned by Amendment 709 when he was sentenced. Second, Section 3582(c)(2) is only triggered by an amendment listed in

---

[1] Amendment 709 addresses the use of misdemeanor and petty offenses in determining a defendant's criminal history score. U.S.S.G. Appx. C, Amend. 709. Amendment 709 became effective on November 1, 2007.

U.S.S.G. § 1B1.10(c). See United States v. Armstrong, 347 F.3d 905, 907 (11th Cir. 2003). Particularly relevant here, Amendment 709 is not a listed amendment in U.S.S.G. § 1B1.10(c). Consequently, the Amendment does not entitle Pinkston to a sentence reduction. See United States v. Sampson, 345 Fed. Appx. 529 (11th Cir. 2009) (holding that Amendment 709 is not a retroactively applicable amendment that may be used as the basis for § 3582(c) relief).

With respect to Pinkston's allegations of ineffective assistance of counsel or any other attack on the legality of his sentence, such claims must be brought pursuant to 28 U.S.C. § 2255. Because he has already filed a § 2255 motion, Pinkston must move the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider a second or successive § 2255 motion. See 28 U.S.C. §§ 2255, 2244(b)(3). Until Pinkston acquires the necessary authorization, this Court does not have jurisdiction to consider the merits of his claims.

Upon the foregoing, Pinkston's motion to correct a plain error in his criminal history score (doc. 1669) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of January, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA