# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| JULIUS PINKSTON, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | CR606-026 |
| UNITED STATES OF AMERICA, | ) ) ) | CV616-083 |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

Guilty-plea convicted of distribution of powder cocaine in violation of 21 U.S.C. § 841(a)(1), Julius Pinkston has spent the past six years trying to unwind and undermine his sentence. *See, nonexhaustively,* docs. 1305[1] (plea agreement), 1304 (judgement for 200 months' imprisonment), 1310 (notice of appeal), 1403 (order of the Eleventh Circuit, granting the Government's motion to dismiss his appeal), 1526 & 1533 (28 U.S.C. § 2255 motions to vacate his sentence), 1531, 1535, 1547 & 1549 (denying his § 2255 motions), 1565 (mandate of Eleventh Circuit affirming denial of his first § 2255 motion as untimely), 1580

---

[1] The Court is citing to the criminal docket in CR606-026 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

(order of Eleventh Circuit dismissing denial of his second § 2255 motion for lack of prosecution), 1639 (third § 2255 motion, arguing that *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), renders his Sentencing Guidelines-enhanced sentence void); *In re: Julius Pinkston*, No. 16-16145 (11th Cir. Oct. 20, 2016) (denying motion for leave to file a successive motion, as *Johnson* is inapplicable to Sentencing Guidelines-based enhancements (citing *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015)).

Now he's back, asking in a letter (which he invites the Court to construe in any manner which might support relief, *see* doc. 1690 at 1 (requesting that his letter "be treated as a motion, or petition, or any other paper for the court to consider")) that the Court reconsider his sentence based on the unequal treatment he received compared to his codefendant.

As a threshold matter, the Court thus must reconstrue Demery's motion as a § 2255 motion to vacate his sentence.  Normally, such reconstrual requires a *Castro* warning[2] that if he chooses to proceed with

---

[2]   *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("the district court must notify the pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent

his motion, he will lose his ability to file any successive petition on this same matter without first seeking permission to do so from the Eleventh Circuit. However, this is Pinkston's *fourth* attempted § 2255 motion to vacate his sentence, for which he is indisputably aware that permission from the Eleventh Circuit is necessary.³ As noted above, he's no stranger to the § 2255 rodeo.

Despite his experience with the § 2255 process, Pinkston has not received authorization from the Eleventh Circuit to file a successive motion. This Court thus lacks jurisdiction to consider his petition. *In re*

---

§ 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."); *Pena v. United States*, 2016 WL 6609223 at * 1 (S.D. Ga. Sept. 28, 2016).

³ To file a second or successive § 2255 motion, movant first had to file an application with the Eleventh Circuit for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010).

3

*Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); s*ee also Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003) ("when a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions").

Though barred from evaluating his reconstrued motion on the merits, the Court notes that Pinkston's exact argument was just resoundingly rejected by an Eleventh Circuit panel as comprising insufficient grounds to grant leave to file a successive motion. *In re: Julius Pinkston*, No. 17-14398-A (11th Cir. Oct. 13, 2017) (denying motion for leave to file a successive motion on the grounds that "he is entitled to the same due process and equal protection rights that were afforded to his codefendant"). He is free to try again with the Court of Appeals, of course, but absent its authorization *this* court can do nothing for him.

In summary, Julius Pinkston's reconstrued 28 U.S.C. § 2255 motion should be **DENIED**. For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue.

4

28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __4th__ day of April, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA